**Rocky DIETZ, Plaintiff–Appellant,**

v.

**Hillary BOULDIN, Defendant–Appellee.**

No. 13–35377.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2015.

Filed July 24, 2015.

Geoffrey Christian Angel, Esquire, Trial, Angel Law Firm, Bozeman, MT, for Plaintiff–Appellant.

---

[*] The Honorable Paul L. Friedman, District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jesse Beaudette, John E. Bohyer, Bohyer, Erickson, Beaudette & Tranel, PC, Missoula, MT, for Defendant–Appellee.

Before: FISHER, BEA and MURGUIA, Circuit Judges.

## MEMORANDUM [*]

Rocky Dietz appeals from a judgment awarding him $15,000 in damages for injuries stemming from an auto collision.[1] We affirm.

1. Although Bouldin's counsel violated the order in limine prohibiting mention of Dietz's past methadone use, given the limited nature of the breach, and because the district court promptly issued a curative instruction, the district court did not abuse its discretion when it concluded the violation of its order was not prejudicial. *See United States v. Randall,* 162 F.3d 557, 559 (9th Cir.1998). Furthermore, the district court did not clearly err by concluding that Bouldin's closing summation did not violate the order in limine prohibiting argument that Dietz was motivated by secondary gain. *See Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1115 (9th Cir.2005). Therefore, the district court did not abuse its discretion in denying Dietz's motions for mistrial on either of these grounds. *See id.*

2. Because Dietz's motion for summary judgment was denied based on a disputed issue of fact that was subsequently resolved at trial, we lack jurisdiction to review the denial. *See Banuelos v. Const. Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 902 (9th Cir.2004).

**AFFIRMED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We address Dietz's argument that the district court erred by recalling the jury after dismissal in an opinion filed concurrently with this memorandum disposition.